UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 06-270

MAURICE MATTHEWS                            SECTION: "J"

<u>**ORDER AND REASONS**</u>

Before the Court is Petitioner Maurice Matthews's *Motion for Sentencing Modification Pursuant to 18 U.S.C. § 3582(c)* **(Rec. Doc. 117)**, which the Court has re-characterized as Petitioner's first 28 U.S.C. § 2255 habeas petition **(Rec. Doc. 118)**. Also before the Court is the government's *Opposition* to the habeas petition **(Rec. Doc. 126)**. Because the Court has found the record to be sufficient, no evidentiary hearing is required.  For the reasons that follow, the Court finds that Petitioner's petition should be **DENIED.**

<u>**BACKGROUND**</u>

On May 14, 2008, Petitioner pled guilty to distributing fifty (50) grams or more of cocaine base. The Court accepted Petitioner's guilty plea, and on April 29, 2009, the Court sentenced Petitioner to the statutory minimum of 240 months imprisonment. Under Petitioner's plea agreement, prepared in

accordance with <u>Bryan v. United States</u>,[1] Petitioner specifically waived his right to contest his conviction or sentence in any collateral proceeding, including proceedings brought under 28 U.S.C. § 2255, unless Petitioner "establishes that ineffective assistance of counsel directly affected the validity of this waiver of ... collateral challenge rights or the validity of the guilty plea itself" (Rec. Doc. 87, p. 2).

Petitioner filed his *Motion for Sentencing Modification Pursuant to 18 U.S.C. § 3582(c)* **(Rec. Doc. 117)** on July 8, 2013, and the Court re-characterized it as a first 28 U.S.C. § 2255 habeas petition on August 29, 2013 **(Rec. Doc. 118)**. In his motion, Petitioner argues that the Court should reduce his sentence of imprisonment pursuant to the provisions of the Fair Sentencing Act (FSA) of 2010. In its opposition, the government argues that Petitioner's petition should be denied for three reasons: (1) because Petitioner has waived his right to bring this petition in his plea agreement, (2) because the petition is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), and (3) because the FSA which Petitioner claims should provide him with relief, does not apply to Petitioner.

---

[1]492 F.2d 775 (5th Cir. 1974).

**<u>DISCUSSION</u>**

The Supreme Court's interpretation of the FSA is that
"Congress intended the Fair Sentencing Act's more lenient
penalties to apply to those offenders whose crimes *preceded*
August 3, 2010, but who are sentenced *after* that date." *Dorsey v.
United States*, 132 S. Ct. 2321, 2331 (2012). The Fifth Circuit
has confirmed that "[t]he FSA does not apply retroactively to
defendants ... who were sentenced *before* its enactment." *United
States v. Moore*, 514 Fed. App'x 462, 463 (5th Cir. 2013).
Petitioner's crime was committed on or about May 10, 2006
(Indictment, Rec. Doc. 1). Petitioner was sentenced on April 29,
2009 (Sealed Minute Entry of Sentencing, Rec. Doc. 109).
Therefore, Petitioner's crime and his sentencing both preceded
August 3, 2010, and the FSA is therefore inapplicable to
Petitioner. Even assuming, arguendo, that Petitioner has not
waived his right to bring this petition and that the petition is
not time-barred, the FSA does not apply to Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Maurice Matthew's
*Motion for Sentencing Modification Pursuant to 18 U.S.C. §
3582(c)* **(Rec. Doc. 117)**, now re-characterized as his first 28
U.S.C. § 2255 habeas petition **(Rec. Doc. 118)**, is **DENIED.**

3

New Orleans, Louisiana, this 5th day of December, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4